## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH PRISE and HEATHER RADY** on behalf of themselves and all employees similarly situated,<br><br>   **Plaintiffs,**<br><br>  v.<br><br>**ALDERWOODS GROUP, INC. and SERVICE CORPORATION INTERNATIONAL,**<br><br>   **Defendants.** | **Civil Action No. 06-1641**<br><br>**Judge Joy Flowers Conti**<br><br>**ELECTRONICALLY FILED** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND TO STRIKE CLASS ACTION ALLEGATIONS AND CERTIFICATION REQUEST IN PLAINTIFFS' CLASS ACTION COMPLAINT

Dated: February 1, 2007

Respectfully submitted,

/s/ Amy E. Dias
Amy E. Dias (Pa. Bar No. 52935)
JONES DAY
500 Grant Street, Suite 3100
Pittsburgh, PA  15219-2502
Telephone:  (412) 391-3939
Facsimile:   (412) 394-7959

Matthew W. Lampe (Admitted *pro hac vice*)
JONES DAY
325 John H. McConnell Boulevard, Suite 600
P.O. Box 165017
Columbus, Ohio  43216-5017
Telephone:  (614) 469-3939
Facsimile:   (614) 461-4198

Counsel for Defendants
ALDERWOODS GROUP, INC. AND
SERVICE CORPORATION
INTERNATIONAL

In Counts I and II of this case, Plaintiffs assert claims under the Fair Labor Standards Act ("FLSA") and seek certification of those claims as a collective action under 29 U.S.C. § 216(b). In their remaining counts (Counts III-IX), Plaintiffs purport to assert state law claims, not just under the laws of the state in which they lived and worked, Pennsylvania, but also under the laws of 37 other states and territories in which they never lived or worked.  As to their state law claims, moreover, Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure, which has an "opt-out" class mechanism (*i.e.,* class members are bound by the judgment *unless* they opt *out*) that is fundamentally at odds with the FLSA's "opt-in" mechanism (*i.e.,* class members are bound by this judgment *only* if they opt *in*) that Plaintiffs also invoke.  In multiple respects, Plaintiffs' state law claims (Counts III-IX) and their request for Rule 23 certification (Compl. ¶¶ 5-14) are exposed as legally defective on the face of their Complaint and should be dismissed and/or struck under Rules 12(b)(1), (b)(6), and (f) of the Federal Rules of Civil Procedure.

*First*, Plaintiffs lack standing to bring claims under the laws of states other than Pennsylvania.  It is well established under federal law that a plaintiff does not have standing to assert claims under state laws that do not apply to her.  Because Plaintiffs did not live, work, or earn a salary from Service Corporation International ("SCI") or Alderwoods Group, Inc. ("Alderwoods") (collectively "Defendants") in any of the other 37 states and territories in which Plaintiffs seek to assert claims – indeed, they never worked for SCI at all – they have no standing to assert claims under the laws of those states and territories and such claims must be dismissed.

*Second*, Plaintiffs' state common law claims set forth in Counts III and V through IX are preempted by the FLSA.  It is well established that the FLSA is the exclusive remedy for violations of the statute's overtime laws.  Common law claims that seek to create additional

remedies for purported FLSA violations frustrate the intent of the statute.  Accordingly, federal courts routinely dismiss common law claims where, as here, they are based on identical facts and circumstances as FLSA claims for unpaid overtime wages.

*Finally,* Plaintiffs' request for class certification of their state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure is, as district courts in the Third Circuit recently have confirmed, "inherently incompatible" with their request for FLSA collective action certification under 29 U.S.C. § 216(b).  Courts routinely deny Rule 23 class certification where Plaintiffs also allege FLSA violations, and this Court likewise should strike Plaintiffs' Rule 23 certification allegations and request.

Accordingly, as discussed in detail below, this Court should (1) dismiss Counts III-IX to the extent they assert claims under the laws of states other than Pennsylvania; (2) dismiss all state common law claims (Counts III and V-IX); and (3) strike Plaintiffs' Rule 23 class certification allegations and request (Compl. ¶¶ 5-14).

## FACT BACKGROUND[1]

In November 2006, SCI completed its merger with Alderwoods.  The merged entity is known as SCI.  (*See* Compl. ¶¶ 17, 28.)  SCI does business in 38 states and territories: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, Tennessee, Texas, Virginia, Washington and West Virginia.  (*See* Compl. ¶¶ 56, 58, 60, 62, 64, 66, 68.)

---

1 The facts set forth herein are taken as true for purposes of this Motion only.

On December 8, 2006, Plaintiffs Deborah Prise and Heather Rady filed a Class Action Complaint against Defendants.  Plaintiffs allege that they are former employees of the Defendants (Compl. ¶ 43), and that Defendants violated the FLSA by failing to pay overtime wages and failing to adequately maintain employment and compensation records.  (Counts I-II.)  Plaintiffs also allege violations of the wage laws and common laws of the 38 states and territories in which Defendants do business.  (Counts III-IX.)  Plaintiffs seek to bring a class action pursuant to Fed. R. Civ. P. 23 for their alleged state wage law claims.  (*See* Compl. ¶¶ 5-14.)

Plaintiffs are residents of the Commonwealth of Pennsylvania.  (Compl. ¶ 41.)  They do not allege in their Complaint that they worked for Alderwoods in any state other than Pennsylvania.  Also, Plaintiffs never were employed by SCI, ever, and Plaintiffs do not allege to the contrary.  In fact, Plaintiffs have admitted to this Court that they worked for Alderwoods only in the state of Pennsylvania.

Specifically, Prise claimed that she worked at Alderwoods' Hirsch Funeral Home in Pittsburgh, Pennsylvania between approximately December 2002 and November 2005.  (*Prise & Rady v. Alderwoods Group, Inc.*, *et al*, No. 06-1470 (W.D. Pa.) (J. Conti), Docket No. 1, ¶¶ 13, 26-28, 27, 31, 47.)  Rady claimed that she worked at Alderwoods' Samson Funeral Home and Brandt Funeral Home in the Pittsburgh metropolitan area between approximately July 2002 and April 2006.  (No. 06-1470, Docket No. 1, ¶¶ 14, 15, 18, 20, 23.)

Pursuant to the Stipulation for Extension of Time for Defendants to Respond to the Class Action Complaint, filed on December 21, 2006, Defendants' answer or other response to the Complaint is due on or before February 1, 2007.  This Motion thus is timely.

## ARGUMENT

I.    **PLAINTIFFS LACK STANDING TO ASSERT STATE LAW CLAIMS FOR STATES OTHER THAN PENNSYLVANIA, AND THUS COUNTS III THROUGH IX MUST BE DISMISSED.**

As a threshold matter, Plaintiffs lack standing to bring state law claims for states other than Pennsylvania.  Plaintiffs, as the parties seeking to invoke federal jurisdiction, bear the burden of demonstrating that they have standing to assert each and every claim raised in their Complaint.  *See, e.g., Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982) (holding that "the party who invokes the court's authority" must demonstrate standing); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003) ("Plaintiffs bear the burden of proving standing.") (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  To carry this burden, Plaintiffs must demonstrate that they satisfy both the constitutional and prudential dimensions of standing. *Valley Forge*, 454 U.S. at 471.  Because Plaintiffs do not – and cannot – allege that they worked for either Defendant outside of Pennsylvania, Counts III through IX must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of constitutional and prudential standing to the extent they assert claims under the laws of other states and territories.  *See, e.g., Sampath v. Concurrent Techs. Corp.*, No. 03-264J, 2006 U.S. Dist. LEXIS 25907, at *5 n.2 (W.D. Pa. May 3, 2006) (dismissing plaintiff's claim for lack of subject matter jurisdiction and stating "[l]ack of standing is properly challenged in a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.").

   A.    **Plaintiffs Cannot Satisfy Constitutional Standing Requirements.**

First, Plaintiffs cannot demonstrate constitutional standing to assert state law claims for states other than Pennsylvania.  The Third Circuit Court of Appeals has held that the

"'irreducible constitutional minimum of standing'" mandates that plaintiffs satisfy "'the case-or-controversy requirement of Article III'" of the U.S. Constitution. *Fair Housing Council of Suburban Philadelphia v. Montgomery Newspapers*, 141 F.3d 71, 74 (3d Cir. 1998) (quoting *Lujan,* 504 U.S. at 560). The Court of Appeals has further stated that, to satisfy the requirements of Article III, a plaintiff must demonstrate:

> (1) [she] suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) . . . a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 484-485 (3d Cir. 1998) (*citing Lujan,* 504 U.S. at 560-561). In other words, a plaintiff must demonstrate that she has "a personal stake" in the outcome of her claims. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

In this regard, it is well-settled that a plaintiff cannot satisfy the constitutional standing requirements where she attempts to sue under state or local laws that, because she is a non-resident, do not apply to her. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 504 (1975) (holding that plaintiffs lacked standing to challenge a city's zoning ordinance where "none . . . has a present interest in any . . . property [in the city]; none is himself subject to the ordinance's strictures; and none has even been denied a variance or permit by [city] officials"); *Barnes v. Burger King Corp.*, 932 F. Supp. 1441, 1443 (S.D. Fla. 1996) (finding plaintiff without standing to sue under Florida's Franchise Act because plaintiff was not doing business in the state). On this basis, the Southern District of Ohio recently granted a Rule 12 motion to dismiss a wage count brought by Ohio residents under the wage laws of Kansas, Kentucky, Massachusetts, New Hampshire, New Mexico, North Carolina, and Vermont. *See Carnevale v. GE Aircraft Engines*, Case No. C-1-02-

600, slip op. at 5 (S.D. Ohio Feb. 11, 2003) (dismissing claims due to lack of constitutional standing, noting that "[l]ike the plaintiffs in *Warth*, Plaintiffs here do not demonstrate that they are subject to the labor laws of states other than Ohio").

Indeed, Plaintiffs' counsel is well aware of this fundamental limitation on standing, because the Western District of New York recently rejected their attempt to assert wage claims on behalf of their New York-based client under the laws of states where he never lived or worked. *See Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590, 2006 U.S. Dist. LEXIS 39763, at *1 (W.D.N.Y. June 15, 2006). Specifically, in *Parks*, the plaintiff brought class action claims pursuant to the FLSA, New York State Labor Law, "and the laws of various [other] States in which defendant [did] business." *Id.* The defendant moved for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, based on the fact that the sole named plaintiff was only employed by the defendant in New York and thus lacked standing to sue for alleged violations of laws of states other than New York. *Id.* The court agreed with the defendant and held that plaintiff lacked standing "to assert state-law claims arising under the laws of states other than New York, since he was never employed by defendant anywhere other than New York." *Id.* at *5.

As in *Warth*, *Barnes*, *Carnevale*, and *Parks*, Plaintiffs here have failed to meet their burden to demonstrate standing to assert the state law claims contained in Counts III through IX to the extent such claims are based on alleged violations of laws of states other than Pennsylvania. Prise and Rady claim to be Pennsylvania residents. (Compl. ¶ 41.) They do not claim to be residents of, nor do they claim to have been employed by either of the Defendants in, any state other than Pennsylvania. In fact, Plaintiffs have affirmatively asserted in other litigation that they were employed by Alderwoods only in Pennsylvania. (No. 06-1470, Docket

No. 1, ¶¶ 13, 14, 15, 18, 20, 23, 26-28, 27, 31, 47.)  Plaintiffs never were employed by SCI in

any state, and Plaintiffs have not alleged – nor can they – any facts to demonstrate otherwise.

Plaintiffs therefore have failed to demonstrate how the laws of states in which they were not

employed governed their employment or now provide them with a cause of action.

Indeed, both the U.S. Constitution's Commerce Clause and fundamental principles of due

process embodied in the Fourteenth Amendment preclude states other than Pennsylvania from

applying their wage or employment laws to the relationship between Defendants and Plaintiffs.

*See, e.g., Asahi Metal Indus. Co., Ltd. v. Sup. Court*, 480 U.S. 102, 108-09 (1987) (plurality

opinion) (holding that the Due Process Clause of the Fourteenth Amendment "limits the power

of a state court" to render a valid personal judgment against a non-resident defendant); *World-*

*Wide Volkswagen v. Woodson*, 444 U.S. 286, 291 (1980) (same); *Mitchell v. Abercrombie &*

*Fitch*, 2005 WL 1159412 at *4 (S.D. Ohio May 17, 2005) (holding that "[a]pplication of the

Ohio Minimum Fair Wage Standards Act to [plaintiff's] employment in Pennsylvania would

impermissibly burden interstate commerce").  Where, as here, Plaintiffs cannot even allege that

they are covered by the application of wage laws outside of Pennsylvania, claims under such

wage laws must be dismissed.  *See, e.g., Compare Glass v. Kemper Corp.*, 133 F.3d 999, 1000

(7th Cir. 1998) (affirming dismissal of claim under Illinois' Wage Payment and Collection Act

brought by employee who "is not, and at no time relevant to this suit was . . . a resident of

Illinois" and who never "perform[ed] any work in Illinois"); *Mitchell*, 2005 WL 1159412 at *4

(dismissing claim of Pennsylvania employee under Ohio wage laws, noting that plaintiff "has

failed to address the insurmountable state sovereignty and constitutional barriers that are

implicated by applying Ohio's law outside of its territorial boundary").

Plaintiffs have not – and cannot – demonstrate that they suffered an injury in fact under the laws of any state outside of Pennsylvania, that any alleged violation of a non-Pennsylvania law caused them harm, or that an award under such a law could somehow provide them relief. Thus, as a constitutional matter, Plaintiffs lack standing to assert the claims they raise in Counts III through IX to the extent such claims relate to alleged violations of laws of other states. This Court lacks subject matter jurisdiction over those claims, and this Court should dismiss Counts III through IX to the extent they relate to states other than Pennsylvania.

**B.      Plaintiffs Cannot Satisfy Prudential Standing Requirements.**

Second, Counts III through IX of Plaintiffs' Complaint fail because Plaintiffs cannot satisfy prudential standing requirements. As noted above, a court's inquiry regarding a plaintiff's standing involves both constitutional limitations and prudential limitations. *Valley Forge*, 454 U.S. at 473; *Trump Hotels & Casino Resorts*, 140 F.3d at 485. To meet the "prudential" standing requirements, a plaintiff must show:  (1) that she is asserting her own legal rights and interests, and not the legal rights or interests of third persons; (2) that the claim involves more than a generalized grievance that is pervasively shared by a large class of citizens; and (3) in statutory cases, that her claim falls within the zone of interests regulated by the statute in question. *See Valley Forge*, 454 U.S. at 474-75; *Warth*, 422 U.S. at 499; *Trump Hotels & Casino Resorts*, 140 F.3d at 485; *Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 503 (S.D.N.Y. 2005). These additional restrictions – which likewise provide "a limitation on federal court jurisdiction," *Lifrak*, 389 F. Supp. 2d at 503 (internal citation and quotation omitted) – enforce the principle that, "as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (internal quotation omitted). Like constitutional standing, prudential standing requirements mandate dismissal where a plaintiff seeks to assert a claim

under laws that do not provide her with a cause of action.  *See, e.g., Lifrak*, 389 F. Supp. 2d at 506 (holding that plaintiff "lacks statutory standing to pursue her Equal Pay Act claim and it need be dismissed for lack of subject matter jurisdiction.").

Here, as noted, Defendants employed Plaintiffs in the Commonwealth of Pennsylvania, and both Ms. Rady and Ms. Prise lived in Pennsylvania during this time period.  Further, Plaintiffs have not demonstrated – nor could they – that their employment was subject to the laws of other states.  As such, Plaintiffs cannot demonstrate that they fall within the zone of interest of the laws of states outside of Pennsylvania or that, in Counts III through IX, they are attempting to assert personal rights or interests.  *See, e.g., Carnevale*, Slip Op. at 5 (finding that Ohio-employed plaintiffs lacked standing to sue under the wage laws of other states because "Plaintiffs are not within the zone of interest protected by any of those other state wage and hour laws").  Therefore, Counts III through IX of Plaintiffs' Complaint fail on prudential standing grounds, as well as on constitutional standing grounds, and this Court should dismiss those counts to the extent they relate to states other than Pennsylvania.

### C.    Plaintiffs Cannot Avoid Dismissal By Attempting To Assert Class Claims.

Finally, Plaintiffs cannot bootstrap their way to standing with regard to Counts III through IX by asserting that they are pursuing class claims under Rule 23 and serving as representatives of class members who lived, worked, and earned salary in states other than Pennsylvania.  For one thing, as discussed below (*see* Section III, *infra*), Plaintiffs' Rule 23 class certification request should be stricken from the Complaint because it is inherently incompatible with the opt-in procedural mechanism under which they bring their FLSA claims.  In any event, the Supreme Court has long held that standing requirements are "no less true with respect to class actions than with respect to other suits."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see*

*also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) ("That a suit may be a

class action, however, adds nothing to the question of standing . . . ."). Thus, "if none of the

named plaintiffs purporting to represent a class establishes the requisite of a case or controversy

with the defendant[], none may seek relief on behalf of himself or any other member of the

class." *O'Shea*, 414 U.S. at 494; *see also Allee v. Medrano*, 416 U.S. 802, 828-29 (1974) ("[A]

named plaintiff cannot acquire standing to sue by bringing the action on behalf of others who

suffered the injury which would have afforded them standing had they been plaintiffs. . . .");

*Parks*, 2006 U.S. Dist. LEXIS 39763 at *4 ("the filing of a suit as a class action does not relax

[the] jurisdictional requirement [of standing]") (citation omitted).  As demonstrated above,

Plaintiffs lack standing to assert claims under the laws of states other than Pennsylvania, and any

attempt to style Counts III though IX as class claims cannot cure this defect.  *See, e.g.,*

*Carnevale*, Slip Op. at 7 (holding that Ohio-employed plaintiffs, who lacked standing to sue

under the wage laws of other states, "do not have standing to assert claims under other state laws

for the putative class").

   Nor can Plaintiffs avoid dismissal at this stage by asserting that class certification must be

addressed prior to standing.  Indeed, in *Parks*, Plaintiffs' counsel recently attempted – and failed

– to avoid dismissal of state law claims by asserting that the Supreme Court's decision in *Ortiz v.*

*Fibreboard Corp.*, 527 U.S. 815 (1999), required consideration of class certification questions

prior to the determination of standing issues.  The *Parks* court rejected that argument, under

circumstances nearly identical to those present here, and awarded the defendant judgment on the

pleadings with respect to the state law wage claims that the named plaintiff lacked standing to

assert, noting that it "fail[ed] to see what impact a motion for class certification would have on

the pending motion."  *Parks*, 2006 U.S. Dist. LEXIS 39763 at *8.

The *Parks* decision is consistent with *Ortiz*, which, to the limited extent that it addresses standing, stands for the principle that "this or any other Article III court must be sure of its own jurisdiction before getting to the merits." *Ortiz*, 527 U.S. at 831.  *See also In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 165 (D. Mass. 2004) (observing that "the Supreme Court has never adopted a broad exception to jurisdictional requirements").  It is also consistent with the determination of federal courts throughout the country, which consistently hold that it is appropriate to address class certification issues prior to standing only in "extremely complex" cases, that "defy[] customary judicial administration."  *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, No. 04 Civ. 4885, 2005 WL 2677753, at *9 (S.D.N.Y. Oct. 19, 2005).  *See also Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (holding that *Ortiz* "does not require courts to consider class certification before standing"); *Eaton Vance*, 220 F.R.D. at 166 (finding it "apparent from examining the context of *Ortiz* that its reach is limited"); *Landmann v. Bann-Cor*, No. 01-CV-00417, 2004 WL 1944789, at *5 (S.D. Ill. Feb. 26, 2004) (holding that it was appropriate to decide standing issues prior to class certification issues).  Plaintiffs here have not – and cannot – establish standing with respect to non-Pennsylvania claims in Counts III through IX or that these clear-cut standing issues are not ripe for consideration.  Accordingly, those claims should be dismissed.

## II.   PLAINTIFFS' STATE COMMON LAW CLAIMS IN COUNTS III AND V THROUGH IX ARE PREEMPTED BY THE FLSA AND SHOULD BE DISMISSED.

This Court also should dismiss Plaintiffs' state common law claims, asserted in Counts III and V through IX of the Complaint, for all states – including Pennsylvania – under Fed. R. Civ. P. 12(b)(6) because they are preempted by the FLSA.  Federal courts have held that state common law claims – including claims for fraud, negligence, breach of contract, and misrepresentation – are preempted by FLSA claims where "the FLSA and common law claims

are grounded in the same facts." *Moeck v. Gray Supply Corp.*, No. 03-1950 (WGB), 2006 U.S. Dist. LEXIS 511, at *4 (D. N.J. Jan. 6, 2006). *See also Frey v. Spokane County Fire Dist., No. 8*, No. CV-05-289, 2006 WL 2597956, at *11 (E.D. Wash. Sept. 11, 2006) (dismissing plaintiff's claim for overtime compensation based on breach of contract as preempted by FLSA); *Johnston v. Davis Sec., Inc.*, 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002) (dismissing plaintiff's state common law claims, including, among others, unjust enrichment, fraud, negligent misrepresentation, gross negligence, and breach of contract, as preempted by the FLSA where "[p]laintiff's common law claims are based on the same facts and circumstances as her FLSA claims"); *Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (granting summary judgment with respect to common law fraud claims because plaintiffs were "merely attempting to recast what are clearly FLSA overtime claims").  This is because the FLSA is the "exclusive remedy" for violations of federal overtime laws, and attempts to create additional remedies through common law causes of action frustrate the purpose of the statute. *See, e.g., Petras v. Johnson*, No. 92 CIV 8298 (CSH), 1993 WL 228014, at *2-3 (S.D.N.Y. June 22, 1993).  Time and again, courts have dismissed state common law claims brought in conjunction with the FLSA.  *See, e.g., Moeck*, 2006 U.S. Dist. LEXIS 511 at *4-6; *Johnston*, 217 F. Supp. 2d at 1227-28.

Here, Counts III and V through IX assert state common law claims for, among other things, breach of contract, fraud and deceit, negligent misrepresentation, and negligence, based on the exact same allegations asserted as bases for Plaintiffs' FLSA claims.  Indeed, Counts III and V through IX do not state *any* additional facts as bases for the state common law claims other than those stated as the bases for the FLSA claims in Counts I and II – Counts III and V through IX merely incorporate as their factual basis the previous allegations of the Complaint.

Accordingly, because they "are grounded in the same facts" as Plaintiffs' FLSA claims, these state common law claims – including Pennsylvania common law claims – are preempted by the FLSA and must be dismissed.

**III.**   **PLAINTIFFS' STATE LAW CLASS ACTION REQUEST MUST BE STRICKEN BECAUSE IT IS LEGALLY INCOMPATIBLE WITH THEIR FLSA SECTION 16(B) COLLECTIVE ACTION REQUEST.**

This Court also should strike Plaintiffs' class action allegations and certification request (Compl. ¶¶ 5-14) under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, because Plaintiffs cannot maintain a Rule 23 opt-out action in the same litigation as an FLSA § 16(b) opt-in collective action.  Courts in the Third Circuit have noted that "Congress created the opt-in procedure under the FLSA for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions."  *Moeck*, 2006 U.S. Dist. LEXIS 511 at *15-16.  *See also Himmelman v. Continental Cas. Co.*, No. 06-166, 2006 U.S. Dist. LEXIS 56187, at *5 (D. N.J. Aug. 11, 2006).  Thus, "allowing the plaintiff 'to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to federal actions.'"  *Himmelman*, 2006 U.S. Dist. LEXIS 56187, at *5 (*quoting Moeck*, 2006 U.S. Dist. LEXIS 511, at *15.).  Third Circuit courts accordingly hold that Rule 23 class actions "are inherently incompatible" with Section 16(b) claims and must be dismissed and/or stricken from the complaint.  *Himmelman*, 2006 U.S. Dist. LEXIS 56187, at *5.  *See also Herring v. Hewitt Assoc., Inc.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5 (D. N.J. Aug. 11, 2006) ("[T]hese two schemes are inherently incompatible."); *Otto v. Pocono Health Sys.*, 457 F Supp. 2d 522, 523-24 (M.D. Pa. 2006) ("To allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class

action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.").

Courts in other jurisdictions concur, holding that "allowing [plaintiffs] to use supplemental state-law claims to certify an opt-out class in federal court would undermine Congress' intent to limit these types of claims to collective actions." *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D 574, 577 (N.D. Ill. 2004). *See also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (observing that the "two types of class actions are mutually exclusive and irreconcilable" and stating "[i]t is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits"). Indeed, in addition to frustrating the purpose of the FLSA's opt-in mechanism, requiring prospective plaintiffs simultaneously to opt-in to a collective action and opt-out of a class action would cause significant confusion. *See Edwards v. City of Long Beach*, No. 05-8990, 2006 U.S. Dist. LEXIS 93141, at *15 (C.D. Cal. Dec 12, 2006) (noting that "confusion would result from requiring potential plaintiffs to both opt-in and opt-out of the claims in the suit"); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 470 (N.D. Cal. 2004) (same). Such confusion could result in the loss of rights by Rule 23 plaintiffs because those who do not opt-out of a Rule 23 class are bound by the judgment. *See LaChapelle*, 513 F.2d at 288.

Plaintiffs' attempt here to bring a Rule 23 opt-out class based on state law claims is precisely the type of certification request found by the courts in *Moeck*, *Himmelman*, and *Otto* to be impermissible and incompatible with FLSA claims. This Court should follow the lead of its sister courts in the Third Circuit – and federal courts nationwide – and strike Plaintiffs' state law class action allegations and certification request (Compl. ¶¶ 5-14).

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss Counts III through IX to the extent they allege violations of laws of states other than Pennsylvania due to Plaintiffs' lack of standing, and, as to Counts III and V through IX, should dismiss them in their entirety because they are preempted by the FLSA.  This Court also should strike Plaintiffs' Rule 23 class action allegations and certification request (Compl. ¶¶ 5-14) because they are "inherently incompatible" with their FLSA opt-in collective action claims.

Dated: February 1, 2007                                Respectfully submitted,


                                                       /s/ Amy E. Dias
                                                       Amy E. Dias
                                                       Pa. Bar No. 52935
                                                       JONES DAY
                                                       500 Grant Street, Suite 3100
                                                       Pittsburgh, PA  15219-2502
                                                       Telephone:  (412) 391-3939
                                                       Facsimile:  (412) 394-7959

                                                       Matthew W. Lampe
                                                       Admitted *pro hac vice*
                                                       JONES DAY
                                                       325 John H. McConnell Boulevard, Suite 600
                                                       P.O. Box 165017
                                                       Columbus, Ohio  43216-5017
                                                       Telephone:  (614) 469-3939
                                                       Facsimile:  (614) 461-4198

                                                       Counsel for Defendants
                                                       ALDERWOODS GROUP, INC. AND
                                                       SERVICE CORPORATION
                                                       INTERNATIONAL