IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER RADY, </br>         Plaintiff, </br> vs. </br> ALDERWOODS GROUP, INC., </br>         Defendant. | Civil Action No. 06-1641 </br> Magistrate Judge Maureen P. Kelly </br> ECF No. 1650 |

OPINION

Presently before the Court is the Partial Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Alderwoods Group, Inc. ("Alderwoods"). In the Partial Motion to Dismiss, Alderwoods requests that the Court dismiss with prejudice: (i) Count II of Plaintiff's Second Amended Complaint; (ii) Plaintiff's request for restraining order; (iii) Plaintiff's request for compensatory, consequential, and punitive damages; and (iv) all allegations that Alderwoods violated the FLSA "willfully." [ECF No. 1650].

Plaintiff, in her Response to Defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint states that she "does not oppose and/or voluntarily dismisses": (i) Count II; (ii) her request for a restraining order; and (iii) her request for compensatory, consequential and punitive damages. [ECF No. 1655]. On September 4, 2012, Plaintiff filed a Stipulation dismissing these three claims/requests. [ECF No. 1661].

The sole issue remaining to be addressed by this Court is the sufficiency of Plaintiff's pleading of "willfulness" under the Fair Labor Standards Act ("FLSA"). For the reasons that follow, the Partial Motion to Dismiss is denied.

I. BACKGROUND

This case was originally styled as a FLSA collective action. After three years of discovery, the class was decertified by United States District Judge Joy Flowers Conti on

September 9, 2011. [ECF No. 1636]. As a result of the decertification order, all opt-in plaintiffs who joined the case were dismissed, ultimately leaving Rady as the sole remaining plaintiff.

On April 20, 2012, Rady filed a Second Amended Complaint to assert individual wage and hour claims against Alderwoods. [ECF No. 1648]. In her Second Amended Complaint, Rady alleges that Alderwoods had various policies or practices that led to her being undercompensated for the work that she performed. Plaintiff further alleges that Alderwoods "practice was to be deliberately indifferent to [its] violations of the statutory overtime requirements" and that Alderwoods "failure to pay overtime was willful and unlawful." (Id. at ¶¶ 14-15.)

Plaintiff's Second Amended Complaint includes two counts, the first simply entitled "FLSA" and the second entitled "Failure to Maintain Proper Records." Plaintiff's second count, Failure to Maintain Proper Records, purports to seek relief under the FLSA due to Alderwoods' alleged failure to "make, keep and preserve adequate and accurate records of the employment of Plaintiff concerning her wages, hour of work and other conditions of employment." Among other relief requested, Plaintiff seeks (i) an order "preliminarily and permanently restraining Defendant from engaging in the aforementioned pay violations;" (ii) "an award of the value of Plaintiff's unpaid wages;" and (iii) "liquidated, compensatory, consequential and punitive damages."

II. STANDARD OF REVIEW

The United States Supreme Court opinions in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) and, more recently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. With the

Supreme Court instruction in mind, the United States Court of Appeals for the Third Circuit has outlined a two-part analysis that courts should utilize when deciding a motion to dismiss for failure to state a claim. First, the factual and legal elements of a claim should be separated. In other words, while courts must accept all of the complaint's well-pleaded facts as true, they may disregard any legal conclusions. Second, courts must then decide whether the facts alleged in the complaint are sufficient to demonstrate that the plaintiff has a "plausible claim for relief." Iqbal, 566 U.S. at 679. That is, a complaint must do more than allege the entitlement to relief; its facts must show such an entitlement. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009).

   III. DISCUSSION

Alderwoods argues that this Court should dismiss Rady's claim that it "willfully" violated the FLSA. Specifically, Alderwoods contends that despite more than three years of discovery that Rady has failed to plead sufficient facts to state a claim for willful violation of the FLSA.

Rady argues that she has adequately pled a FLSA willfullness claim. Rady contends that the factual averments set forth in the Second Amended Complaint, in particular in Paragraphs 11, 12, 13, 14 and 15, which, at this initial pleading stage, must be accepted as true and sufficient to establish a willfullness claim. This Court agrees. The averments of willfullness clearly satisfy the Twombly and Iqbal standards. This Court finds that Rady has sufficiently alleged willfulness in violation of the FLSA to make out a claim at this early stage of this case. Accordingly, the Motion to Dismiss is denied.

CONCLUSION

For the foregoing reasons, the Partial Motion to Dismiss [ECF No. 1650] is DENIED as to the allegations that Alderwoods "willfully" violated the FLSA.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: September 7, 2012

cc: All counsel of record via CM/ECF